# In re Road in Cherry Grove Township.

1. The Act of April 9th 1844 (P. L. 230), as amended by the Act of March 15th 1848 (P. L. 163), relative to the laying out and altering of roads in Warren and other counties, does not require the road commis-

[In re Road in Cherry Grove Township.]

sioners, in case they refuse an application to lay out a road, to make re⁻turn of that fact to the Court of Quarter Sessions.

2. A refusal on the part of the road commissioners to lay out the road is final, and even if they do make a return to that effect to the Court of Quarter Sessions, no jurisdiction of the proceeding vests therein.

3. If said court, after the making of said return, grant a re-view, and subsequently a report favorable to the laying out of the road is made by the reviewers, which the court confirms, the proceedings will, on certiorari, be set aside for irregularity.

May 24th 1881.    Before MERCUR, GORDON, PAXSON, TRUN-KEY, STERRETT and GREEN, JJ.   SHARSWOOD, C. J., absent.

Certiorari to the Court of Quarter Sessions of *Warren county :* Of May Term 1881, No. 35.

The record showed the following facts : Nineteen citizens of Cherry Grove Township presented a petition to the road commissioners of said township for the laying out of a new road between termini therein mentioned, and to report a survey thereof to the next Court of Quarter Sessions of Warren county. The commissioners subsequently, on June 5th 1879, filed a report in the Court of Quarter Sessions setting forth that, having given due notice to all parties interested, and having viewed the ground for the proposed new road, they decided that such road was unnecessary, and would be inconvenient and burdensome; and they asked that the court might confirm their report.

The petitioners thereupon prayed the court for a re-view, which was granted, and the re-viewers subsequently filed their report setting forth that the road was necessary, and returning a survey thereof.   The court thereupon ordered the road to be opened fifty feet wide.

The road commissioners filed exceptions to the report of the re-viewers and the said order of the court, because, (1) the road commissioners having rejected the original petition to lay out the road, their action is by law final and conclusive upon that subject; (2) there is nothing in the road laws applicable to Warren county authorizing, requiring or permitting the commissioners, having once rejected a petition for a road, to make any report of their action to the court, and any action of the court based upon such a report is unauthorized by law and beyond its jurisdiction.

The court overruled these exceptions and confirmed the report of the re-viewers.   The commissioners thereupon took this certiorari, assigning for error, the order of court overruling their exceptions as above.

[In re Road in Cherry Grove Township.]

*Johnson* (*Lindsey & Parmlee* and *Dismoor & Cable* with him), for the appellants.—The Court of Quarter Sessions has no jurisdiction of road cases, except such as is conferred by statute: Liberty Alley, 8 Barr 381 ; Church Road, 5 W. & S. 200. By the local road laws in force in Warren county, where the road commissioners have disallowed and rejected a petition for a new road, their action is final, and jurisdiction is in such cases expressly withheld from the court. The act of April 9th 1844 (Pamph. L. 230) relating to roads in the counties of Warren, Venango and McKean, makes it the duty of the road commissioners of the several townships to take general charge and supervision of the roads and to lay out and alter the same on the petition of citizens, if they shall deem the same necessary, and shall furnish the *township clerk* with a return of roads so laid out or altered, in the same manner as viewers now make report to the Court of Quarter Sessions, and said clerk shall keep a record of all such roads so laid out or altered. By the 14th section of said act, the existing road laws of the Commonwealth, so far as they are supplied or altered by said act, are repealed as to Warren, Venango and McKean counties. The supplement of March 15th 1848, providing that whenever the road commissioners shall lay out, alter or vacate any road under the provisions of the original act of 1844, they shall report to the Court of Quarter Sessions, in the same manner as viewers were required to do by the act of June 13th 1836, does not apply to the case where the commissioners do not lay out a proposed road, but expressly refuse to do so. That the commissioners erroneously filed their report in the Quarter Sessions, did not give that Court jurisdiction. The re-view granted was, therefore, without jurisdiction, and the dismissal of our exceptions erroneous.

*Wilbur* (*Schnur* with him), for the appellees.—Prior to the Act of 1844, the general road law of 1836 was in force in Warren county. It required that viewers should report to the Court of Quarter Sessions, whether they allowed or rejected a petition for a new road. The Act of 1844 only repeals the Act of 1836 so far as it was thereby supplied or altered. The intention of the Act of 1844, was, that road commissioners should perform the same duties as viewers under the Act of 1836 ; if the Act of 1844 makes no provision with reference to a report by the commissioners when they refuse to lay out a proposed road, then to this extent the act of 1836 is not altered or supplied, but is still in force. The commissioners evidently took this view, as they filed their report in the Quarter Sessions. So, also, the provision of the Act of 1836, that the court *shall*, on petition of any person interested, direct a re-view, is not altered or supplied

[In re Road in Cherry Grove Township.]

by the Act of 1844 or its supplement of 1848. It would certainly be an incongruous construction of the several acts to hold, that while the commissioners are bound to file a report in the Quarter Sessions, when they lay out, alter or vacate a road, they are prohibited from doing so when they reject a petition for a new road. The general policy of the road laws is, that all matters connected with roads or proposed roads should be made matter of record in the Court of Quarter Sessions, so that the public and future road commissioners may at any time obtain certain information respecting the same. Where two acts appear, by a literal construction, to be incongruous, they must be so construed as to harmonize with the general intent of the system of road laws. Commonwealth *v.* Conyngham, 16 P. F. Smith 99. With respect to filing a report in the Quarter Sessions, a decision of the commissioners against laying out, altering or vacating a road was as much in contemplation of the Legislature, as a report in favor of such action.

Mr. Justice TRUNKEY delivered the opinion of the court June 20th 1881.

Section 6 of the Act of April 9th 1844, P. L. 230, authorizes the road commissioners of the township, upon ·written request of citizens, to lay out and alter roads, and they shall furnish the township clerk with a return of such roads so laid out or altered, and the clerk shall keep a record thereof; and when any road is wanting through two or more townships the same shall be laid out and agreed upon by a majority of the commissioners in the townships through which said road passes. Section 12 provides that grievances from the laying out or altering of roads, shall be finally settled before two justices of the peace. Another section repeals all existing laws so far as supplied or altered by this act.

This statute gave full power to the road commissioners to lay out or alter township roads in the county of Warren. The only return of the laying out of a new road or the altering of an old one, was to the township clerk, and he kept the only record. No return was required when the commissioners rejected the citizens' request. All jurisdiction in the Court of Quarter Sessions relative to the laying out or altering roads in said county, was taken away.

Such was the law when the supplement of March 15th 1848, P. L. 163, was enacted, providing in the 1st section, that when the commissioners shall lay out, alter, or vacate any road, they shall report the same to the next Court of Quarter Sessions, in the same manner as viewers were required to do by the Act of June 13th 1836, relating to roads, highways and bridges, "and

[In re Road in Cherry Grove Township.]

the report so made, shall be subject to the approval of said court; and all other proceedings upon said report, and all further action upon said road shall be in conformity with the provisions of the act last referred to." Section 3 repeals so much of section 6 of the Act of 1844 as requires the township clerk to keep a record of roads in the county of Warren, and section 4 repeals section 12 of said act. This supplement precisely expresses what was supplied and repealed. None of the jurisdiction which had been taken from the Court of Quarter Sessions is restored, except the further proceedings after a road shall have been laid out, altered or vacated, and reported by the commissioners to said court. Both the road commissioners and the court have just the powers vested in them by statute, and none other. In all cases the request or petition for a road, or alteration, or vacation, is to the commissioners; if they reject, that ends the proceeding. They were not required or authorized to return their negative action to the township clerk, nor are they now to the court. Their refusal to lay out, alter, or vacate a road, is final; but if they do either of these things their report is subject to the approval of the court, which may proceed by reviews and otherwise as directed in the Act of 1836.

It is urged that the Act of 1844 does not repeal section 25 of the Act of 1836, which provides that in all cases of views the court shall, on petition of any person interested, direct a review for same purpose. This position is not tenable. As already seen, the Act of 1844 gave exclusive jurisdiction to the commissioners, and their action was not entered of record in the court. Even the complaints of persons aggrieved were finally adjudicated by justices of the peace, for their decision was not subject to writ of error or appeal: the party could sue out a writ of certiorari which would avail nothing if the record had been properly made. A more complete divestiture of jurisdiction in the Quarter Sessions, could not be imagined. Whatever was not restored by the supplement of 1848 remains as it was under the Act of 1844. When the road commissioners reject an application, or refuse to lay out a road, it is not their duty to report to the court, and if they do, no jurisdiction of the proceeding attaches. If the law is defective the legislature must be appealed to for remedy.

The petition in this case was for a new road in the township of Cherry Grove, and clearly within the provisions of the local statute in force in Warren county. We are of opinion that the two assignments of error must be sustained.

> Order reversed, and all proceedings in the Court of Quarter Sessions set aside.